# THE

# New York Supplement.

## VOLUME XI.

---

*(Supreme Court, General Term, First Department.  July 18, 1890.)*

TROVER AND CONVERSION—TITLE OF PLAINTIFF.

 In an action for conversion of furniture contained in a cottage in defendant's possession, plaintiff testified that the furniture belonged to him, and there was proof of a demand therefor upon a person who had charge of the cottage for defendant, and it also appeared that defendant had written plaintiff, informing him that the furniture had been set out in good order awaiting removal.  *Held*, that a motion to dismiss on the ground that plaintiff was not shown to be the owner of the property, and because no demand for its return had been proved, was properly denied.

 Appeal from circuit court, New York county.

 Action by Ernst Bushman against Sarah C. Brown.  The complaint alleged two causes of action,—one for conversion of goods contained in the Cliff Cottage Hotel on Staten island, N. Y., and the other for taking possession of plaintiff's property, and putting it out of doors in the rain.  There was a verdict for plaintiff for $550.  From the judgment thereon defendant appeals.

 Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

 *Howe & Hummel,* for appellant.  *Frank M. Hardenbrook,* for respondent.

 BARTLETT, J.  The learned trial judge said in his charge in this case that it did not seem necessary to give the jury any instruction upon any question of law, because no question of law arose.  It was necessary for the jury to pass upon two questions of fact arising out of the twofold claim of the plaintiff, who alleged, in the first place, that the defendant, being in possession of certain goods belonging to him, had unlawfully converted the same, and disposed of them, to plaintiff's damage in the sum of $145; and in the second place, that the defendant unlawfully removed the plaintiff's furniture, bedding, and clothing from a cottage which he occupied as a dwelling, and placed the same out in the rain, by which the said property was damaged to the amount of $1,000.  Upon this appeal it is argued that the defendant's motion to dismiss the complaint ought to have been granted, because the plaintiff was not shown to be the owner of the property, and because no demand for its return had been proved.  The plaintiff swore that the property which was detained belonged to him, and there was proof of a demand, not upon the defendant herself, but upon one of the persons who took charge of the Cliff Cottage Hotel, on Staten island, in her behalf.  That the defendant was responsible for whatever was done with the plaintiff's property at that place might well be inferred, and doubtless was inferred by the jury, from the note in which she

informed him that his furniture, goods, and chattels had been set out in good order awaiting his removal. The case was fairly left to the jury upon the issues of fact involved in a charge to which no exceptions were taken, and the evidence seems to us clearly sufficient to sustain the verdict. The judgment and order appealed from should be affirmed, with costs. All concur.